## In re MILES' ESTATE.

No. 4025.   Decided February 15, 1924.   (223 Pac. 337.)

1. DESCENT AND DISTRIBUTION—JUDGMENT CREDITOR HAS SPECIFIC LIEN UPON REALTY VESTED BY INHERITANCE IN JUDGMENT DEBTOR; LIEN ATTACHES BEFORE DISTRIBUTION. A creditor who has obtained and docketed a judgment has a specific lien upon the real estate which vests by inheritance in the judgment debtor, and

that lien attaches subject to the administration before the real estate is distributed to the judgment debtor.

2. EXECUTORS AND ADMINISTRATORS—IN PROCEEDINGS FOR DISTRIBU-
TION TO ASSIGNEE, JUDGMENT CREDITOR OF ·HEIR PROPERLY PER-
MITTED TO APPEAR.   In probate proceedings for distribution of
decedent's estate to heir's assignee, a judgment creditor of heir
was properly permitted, in view of Comp. Laws 1917, § 7869,
to appear to show that proposed distribution was unauthorized.

3. DESCENT AND DISTRIBUTION—ASSIGNMENT BY HEIR INTENDED AS
MORTGAGE HELD NOT "CONVEYANCE" ENTITLING ASSIGNEE TO DIS-
TRIBUTION OF ESTATE.   An assignment by an heir of his interest
in decedent's property, absolute in form, but intended as a
mortgage, held not a conveyance within ·Comp. Laws 1917,
§ 7772, entitling assignee or mortgagee to have the estate
distributed to him, and court's refusal to distribute estate to
him was proper whether or not a contestant was properly in
court.

4. EXECUTORS AND ADMINISTRATORS—PROBATE COURT CANNOT SETTLE
CONFLICTING CLAIMS OF CREDITORS OF HEIR.   In a strictly pro-
bate proceeding, such as one for the distribution of decedent's
estate, the probate court cannot properly settle conflicting
claims of creditors of an heir, to one of whom he has assigned
his interest as security, and their rights must be determined
in an appropriate action.

5. EXECUTORS AND ADMINISTRATORS—IN DISTRIBUTION PROCEEDING,
FINDING ASSIGNMENT WAS MORTGAGE WAS SUFFICIENT, AMOUNT
IT SECURED BEING SURPLUSAGE.   In proceeding for the distribu-
tion of a decedent's estate to heir's assignee, in which a judg-
ment creditor of the heir appeared as contestant, held, that it
was proper and necessary under the evidence for the probate
court to find that the assignment was in fact a mortgage, but
the finding of the particular amount secured by the mortgage
was, except for mere purposes of description, beyond the scope
of the inquiry, and was mere surplusage, not affecting the
rights of the parties.

6. EXECUTORS AND ADMINISTRATORS—WHERE ASSIGNEE NOT ENTITLED
TO DISTRIBUTION, ESTATE SHOULD HAVE BEEN DISTRIBUTED TO
HEIR SUBJECT TO CLAIMS OF CREDITORS.   In a proceeding for
distribution of decedent's estate to heir's assignee, in which
a judgment creditor of the heir appeared as contestant, where
the assignee was not entitled under Comp. Laws 1917, § 7772, to
distribution, the estate should have been distributed to the
heir subject to the rights, if any, of the assignee, and con-
testant.

Appeal from District Court, First District, Cache County; *Geo. S. Barker*, Judge.

Petition for distribution by W. G. Griffiths, as administrator of the estate and sole heir of Gertrude Griffiths Miles, deceased, in which proceedings J. E. Sheffer, as assignee of petitioner, and Smithfield Implement Company, as contestant, appeared. Petition dismissed, and administrator and assignee appeal.

REVERSED AND REMANDED, with directions.

*J. C. Walters*, of Logan, for petitioner and appellants.

*Leon Fonnesbeck*, of Logan, for respondent.

CHERRY, J.

W. G. Griffiths is the administrator of the estate and sole heir of Gertrude Griffiths Miles, deceased, who died in 1921, leaving estate in Cache county, consisting mainly of real estate, valued at $5,267.75.

On April 13, 1923, Griffiths, as administrator, filed his petition setting forth the administration of the estate, and that it was ready for distribution; that he was the father and sole heir of deceased, and would be entitled to have the entire estate distributed to him, but that he had previously assigned his interest in the estate to the Commercial National Bank of Smithfield, Utah, which had in turn assigned the same to J. E. Sheffer, and that Sheffer was entitled to have the residue of the estate distributed to him. Distribution was prayed for accordingly.

The Smithfield Implement Company, a judgment creditor of Griffiths, appeared and filed objections to the proposed distribution of the estate to Sheffer upon the grounds that the assignments referred to in the petition were not conveyances in fact, but were made merely to secure the payment of a note of $479.25 owing by Griffiths to Sheffer, and were

absolute in form for the purpose of avoiding the payment of contestant's judgment and defrauding it and other creditors of Griffiths.

At the hearing there was no dispute of any matter of fact, although counsel for the administrator and Sheffer claimed that the effect of the evidence established that the assignment was given to secure the payment of three notes aggregating $3,496.79, instead of one note for $479.25, as contended by contestant.

The district court made findings of fact and conclusions of law to the effect that the estate had been properly administered and was ready for distribution; that Griffiths was the sole heir of the deceased; that on April 3, 1922, he assigned his interest as heir to the Commercial National Bank of Smithfield, not as an absolute transfer, but merely to secure the payment of a note for $479.25; that the contestant, the Smithfield Implement Company, obtained a judgment against Griffiths for $384.81, which was docketed in the district court of Cache county on November 25, 1922; that thereafter the Commercial National Bank of Smithfield assigned and transferred its note and security to J. E. Sheffer; that Sheffer held the assignment of Griffiths' interest in the estate of the deceased as security only for the payment of the note of $479.25, and that the assignment did not constitute such a conveyance as to entitle Sheffer to have the estate distributed to him.

The petition for distribution was dismissed, and no distribution was made at all. The administrator and the assignee, Sheffer, have appealed.

The contentions of the appellants necessary to be considered are: (1) That the Smithfield Implement Company, not being a creditor of the deceased, but of the heir, was not entitled to question the validity of the assignment or oppose the distribution to the assignee. (2) That the court erred in concluding that the assignment was not a conveyance entitling the assignee to have the estate distributed to him. (3) That the court erred in finding that the assignment was given to secure the payment of one note for $479.25,

instead of three notes for the total sum of $3,496.79. (4) That the court erred in dismissing the petition and in not making a distribution to the assignee or to any person who might be entitled thereto.

Comp. Laws Utah 1917, § 7869, provides:

"Any person shall have a right to be heard by the court at any hearing on any question affecting a probate or guardianship matter in which he is interested."

A creditor who has obtained and docketed a judgment has a specific lien upon the real estate which vests by inheritance in the judgment debtor, and this lien    1 attaches subject to the administration before the real estate is distributed to the judgment debtor. *Martinovich* v. *Marsicano*, 137 Cal. 354, 70 Pac. 459.

The contestant prayed for no affirmative relief in its own favor and none was granted. The evidence that the assignment was a mere security or mortgage was produced by the administrator, and was not denied by any one. The contestant offered no evidence at all, except a stipulation that it had a judgment. The attorney for the contestant cross-examined the witnesses produced by the administrator, and thereby disclosed the true nature and purpose of the assignment, but this could very properly have been done by the court itself had the contestant not appeared.

In view of the broad provisions of the statute (section 7869) and the lien of its judgment, we think there was no error in permitting the judgment creditor to appear before the distribution for the purpose of showing that the proposed distribution was without authority of law.    2 The right of such a party to so appear was recognized, without discussion, in *Re Howe's Estate*, 161 Cal. 152, 118 Pac. 515, and in *Re Gamble's Estate*, 166 Cal. 253, 135 Pac. 970. But the proceedings in this case would not be materially altered if the contestant had no legal right to appear. With the undisputed fact before it that the assignment was a mere security or mortgage, and not an absolute conveyance, for reasons hereinafter stated, it was the duty of the court to refuse distribution to the assignee whether the contestant was properly in court or not.

.The proposed distribution to the assignee was claimed under the authority of Comp. Laws Utah 1917, § 7772, which is as follows:

"Partition or distribution of the real estate may be made as provided in this chapter, although some of the original heirs, legatees, or devisees may have conveyed their shares to other persons, and such shares must be assigned to the person holding the same, in the same manner as they otherwise would have been to such heirs, legatees, or devisees."

In *Re Howe's Estate*, supra, the Supreme Court of California, in construing an identical statute, said:

"While section 1678 relied on by appellants authorized the court to distribute the share of /'heirs, legatees, or devisees' to those who have received conveyances thereof, this section only applies where no question arises on the distribution as to such conveyances having been made. When, however, the fact of conveyance is in dispute or where its validity or effect is an issue upon the distribution, the determination of that question is not a matter within the probate jurisdiction of the court."

In *Re Crook's Estate*, 125 Cal. 459, 58 Pac. 89, the Supreme Court of California held that the statute does not authorize distribution to the mortgagee of a devisee, even though it was stated in the mortgage:

"The party of the first part authorizes and directs the probate court to distribute, set over, transfer, and deliver to the party of the second part all his right, title, and interest in and to said estate as security for the payment of said promissory note.

The court said:

"The only section of the Code authorizing distribution to the grantees of an heir, or a devisee, is section 1678 of the Code of Civil Procedure. The court correctly held that this section would not warrant the court in distributing the property to appellants. They are not the persons entitled under the will, nor by succession, nor are they grantees to whom distribution could be made. The decree must name the persons entitled under the will or by succession, or their grantees. A mortgage is not a conveyance, but only a contract by which property is hypothecated for the performance of an act. Civ. Code, § 2920. At the most, the court could only distribute the property to Crooks, subject to the mortgage. There is no law or practice which requires the courts, in making distribution of an estate, to determine by its decree whether an alleged mortgage upon the interest of an heir is valid, or the debt has not been paid, or whether there is not some defense to it. None of the

questions are germane to the subject, nor is their consideration authorized by the statute, or at all."

We conclude that the court properly decided that the assignment, though absolute in form, but in fact intended as a mortgage, was not a conveyance as contemplated by the statute entitling the assignee or mortgagee to have the estate distributed to him.                    3

The finding by the court that the assignment was made to secure the payment of $479.25, as contended by contestant, instead of $3,496.79, as contended by the heir, is immaterial to this proceeding. In a strictly probate proceeding, such as this, the court cannot properly     4, 5
settle the conflicting claims of such creditors. Their rights must be determined in an appropriate action, independent of the probate proceeding. In *Re Howe's Estate*, supra. It was proper and necessary to find that the assignment was in fact a mortgage, but the finding of the particular amount of money secured by the mortgage was, except for mere purposes of description, beyond the scope of the inquiry in the proceeding before the court, and such finding is mere surplusage, and has no legal effect upon the rights of the parties.

The remaining question arises upon the failure of the court to order distribution at all.

Appellant's counsel says in his brief:

"Even if the assignee was not entitled to have a distribution of the estate, there is no reason why the court should have refused to make any distribution whatsoever, but the estate should have been distributed to the heir at law subject to the claim of the assignee, Sheffer, against the same."

In justice to the trial court, it must be observed that this alternative was not suggested to him by the administrator's attorney, and contestant's attorney says in his brief, "Had he done so we would have joined in such request."

We thus arrive at that felicity of situation where the contending parties are in accord, and we gladly embrace the opportunity to make an order which will please both; especially because the order is pursuant to approved practice

(*In re Howe's Estate,* supra; *In re Gamble's Estate,* supra), and deals justly with the rights of all parties.

The order dismissing the petition for distribution is reversed, and the cause is remanded, with directions to the district court to reinstate the petition, and to make a decree of distribution to the heir, subject to the rights, if any, of the assignee and contestant. Neither party to recover costs on this appeal.

WEBER, C. J., and GIDEON, THURMAN, and FRICK, JJ., concur.