**In the Matter of the ESTATE OF Ervin Frank MALLIET, Deceased.**

No. 17789.

Supreme Court of Utah.

June 3, 1982.

Del B. Rowe, Salt Lake City, for estate.

Grant M. Prisbrey, Salt Lake City, for claimant.

HOWE, Justice:

The personal representative of the estate of Ervin Frank Malliet, deceased, appeals from an order of the district court that she deliver to one John Black a quitclaim deed to certain real property.

Black filed in the court below a claim against the estate of the decedent seeking to require the personal representative to turn over to him a deed to the rear portion of two city lots owned by the deceased. Title to the lots stood in the name of the deceased at the time of his death. Black alleged that the quitclaim deed had been prepared and executed by the decedent in his lifetime and that it had been delivered by the deceased to him, but that he returned it to the deceased for safe keeping without recording it. He claimed that he was entitled to the deed by virtue of an oral labor contract between the deceased and him.

Black's claim was filed with the court and with the personal representative on January 9, 1980. On January 25, 1980, a notice to creditors was first published in a local newspaper advising creditors that they had until April 25, 1980 to present claims against the estate to the personal representative. No action was taken on Black's claim by the personal representative and on March 17, 1981 Black filed a petition with the court below demanding delivery of a deed to the property, contending that his claim had been allowed by operation of law on the basis of the last sentence of § 75–3–806(1), U.C.A. 1953, which provides:

> Failure of the personal representative to mail notice to a claimant of action on his claim for 60 days after the time for original presentation of the claim has expired has the effect of a notice of allowance.

On March 25, 1981 the personal representative disallowed the claim and mailed a written notice of the disallowance to Black, basing her authority to do so upon the second sentence of § 75–3–806(1) which provides:

> If, after allowing or disallowing a claim, the personal representative changes his decision concerning the claim, he shall notify the claimant.

On April 1, 1981 the court below granted Black's petition and ordered the personal representative to turn over to him the deed

in question, and if she could not find that deed she was ordered to execute and deliver to him a personal representative's deed to the real property.

In this appeal both parties have focused their argument on the interpretation to be given to § 75-3-806(1) which has been alluded to above. However, there is a more fundamental and basic reason why the filing of the claim by Mr. Black cannot obtain for him the deed to the property.

In the definitions provision of the Utah Uniform Probate Code, § 75-1-201(4) "Claims" are defined:

> 'Claims', in respect to estates of decedents and protected persons, includes liabilities of the decedent or protected person whether arising in contract, in tort, or otherwise, and liabilities of the estate which arise at or after the death of the decedent or after the appointment of a conservator, including funeral expenses. *The term does not include* estate or inheritance taxes, Utah income taxes, or *demands or disputes regarding title of a decedent* or protected person *to specific assets alleged to be included in the estate.* [Italics added.]

It is readily apparent that it is not the office of a claim to make demand for title to property ostensibly part of the decedent's estate, but claimed not to be so by the claimant. A demand or dispute of that nature cannot be determined by the filing and processing of a claim. We have that exact situation in the instant case where the claimant claims that the real estate, the title to which stood in the name of the decedent at the time of his death, was legally the property of the claimant by virtue of the delivery of a quitclaim deed pursuant to a labor agreement between the parties, and the claimant seeks to exact the property for himself away from the estate.

The order of the district court is reversed and vacated and the case is remanded leaving the claimant free to pursue proper procedures to attempt to obtain the deed and property. Each party to bear his own costs.

HALL, C. J., STEWART and OAKS, JJ., and OMER J. CALL, District Judge, concur.

DURHAM, J., does not participate herein.

OMER J. CALL, District Judge, sat.