**In the Matter of the ESTATE OF Richard R. PETERSON, aka Richard Ross Peterson.**

No. 19784.

Supreme Court of Utah.

March 11, 1986.

Stephen L. Johnston, Salt Lake City, for appellant.

Dale O. Andersen, W. Andrew McCullough, Orem, Thomas R. Patton, Provo, for respondent.

Richard R. Peterson, Jr., pro se.

PER CURIAM:

Freed Leasing, Inc. (Freed) appeals from an order of the Sanpete County Probate Court denying its motion to be joined as an interested party. We affirm.

Freed was a judgment creditor of Richard R. Peterson, Jr. (Peterson) against whom it had vainly tried to execute on a judgment. Peterson filed a homestead exemption when Freed attempted to execute on his residence in Utah County. Peterson was also the informally appointed personal representative of the estate of Richard R. Peterson, Sr. (decedent) against whose estate Freed next attempted to impose its lien

by filing a notice of levy against decedent's real property in Sanpete County. Freed thereafter filed a petition with the probate division of the District Court of Sanpete County to be joined as an interested party by virtue of being a judgment creditor of a beneficiary of the estate. Freed claimed that Peterson and his sister were the only heirs of the decedent and proved that Peterson's sister had executed a quit claim deed in favor of Peterson. Sometime after Freed commenced proceedings in Sanpete County, Peterson was discharged in bankruptcy, and Nathalie Peterson, the decedent's widow, filed a petition in probate court asking for her elective share. She later amended her petition to ask to take under the decedent's will as an omitted spouse.

The court ruled on Freed's motion as follows:

> The petition for forced share filed by Nathalie Peterson is granted.
>
> The petition of Freed Leasing, Inc. to join as an interested party is denied. Freed Leasing has no interest in the property which is the subject of this proceeding and the lien is invalid.
>
> Freed's motion to compel discovery is denied.
>
> Nathalie Peterson's motion for protective order is granted.
>
> No attorney's fees or costs are awarded.

Freed appeals on three grounds: (1) Its pre-bankruptcy judicial lien was not discharged by the bankruptcy proceedings and was therefore a valid lien, (2) Freed has standing to be joined in the probate proceedings by virtue of being a judgment creditor of the beneficiary of the estate, and (3) Nathalie Peterson was improperly allowed the opportunity to take a "forced share" of the estate.

Inasmuch as we conclude that Freed was properly denied access to the probate proceedings, we do not reach the merits of its first and third points on appeal.

Section 75–1–302 of the Utah Uniform Probate Code defines subject matter jurisdiction as follows:

> (1) To the full extent permitted by the Constitution of Utah, the court has jurisdiction over all subject matter relating to:
>
> (a) Estates of decedents, including construction of wills and determination of heirs and successors of decedents, and estates of protected persons; ...
>
> (2) The court has full power to make orders, judgments, and decrees and take all other action necessary and proper to administer justice in the matters which come before it.

"Claims" in probate proceedings include liabilities *of the decedent* whether arising in contract, tort, or otherwise, and liabilities of the estate which arise at or after death of the decedent. The term "claims" does not include demands or disputes regarding title of a decedent to specific assets alleged to be included in the estate. U.C.A., 1953, § 75–1–201(4) (1978 ed.). In its numerous attempts in the probate proceedings, Freed demanded to force transfer of title from the estate to Peterson as beneficiary of the estate so that Freed could reach the assets to satisfy its judgment. It had no claim against the estate of the decedent arising either before or after the decedent's death. "It is readily apparent that it is not the office of a claim to make demand for title to property ostensibly part of the decedent's estate, but claimed not to be so by the claimant." *In the matter of the Estate of Malliet*, Utah, 649 P.2d 18 (1982).

"Interested persons" includes heirs, devisees, children, spouses, creditors, beneficiaries, and any others having a property right in or claim against the estate of a decedent which may be affected by the proceedings. U.C.A., 1953, § 75–1–201(20) (1978 ed.). Freed was not a creditor of the estate and had no property right in or claim against the estate. At best, it had an interest in a contingent interest of one of the beneficiaries of the estate.

Freed's reliance on *In re Miles' Estate*, 63 Utah 144, 223 P. 337 (1924), is misplaced. Comp.Laws Utah 1917, § 7869,

gave *any person* the right to be heard on any question affecting a probate matter. By comparison only personal representatives or interested persons, as defined above, may petition for an order of complete settlement of the estate. U.C.A., 1953, § 75–3–1001(1) (1978 ed.).

When a statute creates a cause of action and designates those who may sue under it, none except those designated may sue. *Berry Properties v. City of Commerce City,* Colo.App., 667 P.2d 247 (1983) (limiting categories of claimants in grievance procedure against annexation proceedings). Here the provisions of the Uniform Probate Code expressly limit the categories of interested persons that may present claims against the estate of the decedent. Freed as judgment creditor of a beneficiary of the estate was not among those designated, and its claim against Peterson was not brought in the proper forum.

The trial court correctly ruled that Freed had no interest in the property at issue and that its lien against the estate was invalid. The order is affirmed. Costs to defendant.