[S. F. No. 6433. Department One.—October 2, 1913.]

In the Matter of the Estate of WALTER H. GAMBLE, Deceased. E. HUFFAKER, Appellant, v. CHARLES E. DONNELLY, Administrator With the Will Annexed of Said Estate, Respondent.

ESTATE OF DECEASED PERSON—DISTRIBUTION—AMOUNT OF LEGACY—APPEAL—INSUFFICIENT RECORD.—Where a will directed the sale of a certain lot and the payment of one-half of the net proceeds to a designated legatee, it is held, on appeal from a decree purporting to make such distribution, that the record furnishes no means of ascertaining whether the computation of the amount of the net proceeds applicable to the legacy was correct or not.

ID.—APPEAL BY NEW METHOD—TRANSCRIPT—PAPERS UNAUTHENTICATED BY JUDGE—AUTHENTICATION BY CLERK.—On an appeal from a decree distributing the estate of a deceased person, taken in the method prescribed by section 953a of the Code of Civil Procedure, the appellate court, in the absence of any bill of exceptions or transcript of the trial authenticated by the trial judge, cannot take notice of the contents of papers copied into the transcript, except those which, under that section, may be and were authenticated by the clerk alone.

ID.—APPEAL FROM DECREE OF DISTRIBUTION—PAPERS CONSTITUTING JUDGMENT-ROLL.—Under such circumstances, the only papers which the appellate court can consider are those which would be the equivalent of a judgment-roll in an ordinary civil action. These would be the petition for distribution, the opposition thereto, if any written opposition was filed, the counter petitions filed, if any there were, or any other papers in the nature of pleadings filed at or before the hearing purporting to set forth the claim of parties who appeared and claimed distribution, with the answers thereto, also the findings of the court, if any, upon the issues joined, any orders or

other papers of like character to those mentioned in section 670 of the Code of Civil Procedure, and the decree of distribution itself.

ID.—PRESUMPTIONS OF REGULARITY ON APPEAL.—On such an appeal, the presumptions of law are all in favor of the action of the court below. If error is claimed, the record on appeal must contain sufficient legal evidence of it, or the claim must be disregarded.

ID.—JUDGMENT AGAINST LEGATEE — SET-OFF AGAINST DISTRIBUTIVE SHARE—ASSIGNEE OF LEGATEE.—A judgment in favor of a testator's estate, against a legatee under the will, should be set off, on distribution, against the distributive share of such legatee, in accordance with the principle stated in section 440 of the Code of Civil Procedure. An assignee of the legatee, under an assignment made after the judgment was recovered, took subject to the right of set-off existing in favor of the estate.

ID.—CONTEST AS TO RIGHT TO DISTRIBUTION BETWEEN PERSON CLAIMING UNDER LEGATEE.—Where on proceedings for distribution, an assignee of a legatee asks for distribution to himself, and his right thereto is contested by a creditor of the legatee on the ground that the assignment was without consideration and fraudulent, the court is not obliged to decide the rights of the parties to the contest, although it may do so. It is proper to decree distribution to the original legatee, subject to the rights of the conflicting claimants.

APPEAL from a decree of the Superior Court of Alameda County distributing the estate of a deceased person. F. B. Ogden, Judge.

The facts are stated in the opinion of the court.

E. Huffaker, *in pro per.*, for Appellant.

D. C. Dutton, and Snook & Church, for Respondent.

SHAW, J.—The appeal of Huffaker is from the decree of distribution.

The will of the decedent directed the sale of a certain lot and the payment of one-half of the net proceeds thereof to one A. W. Gamble. Huffaker claims this one-half interest as assignee of said Gamble. By the decree appealed from this half was adjudged to be the sum of $819.11, and the further direction was made that there be deducted therefrom the sum of $458.60, the amount of two certain judgments in favor of the estate against said Gamble, rendered prior to the asserted transfer to Huffaker, and that the balance of $360.51 be dis-

tributed to Gamble, subject to the conflicting claims of Fred Schell, administrator of the estate of George W. Schell, deceased, and the appellant Huffaker, both of whom, it seems, had appeared at the hearing and claimed said balance.

The appellant contends: 1. That the court erred in computing the amount of the net proceeds of the lot applicable to the legacy to Gamble, making it $257.85 less than the true amount; 2. That the court erred in deducting one of the judgments from the half of the proceeds going to Gamble, being a judgment for $143 recovered in a justice court by the administrator of the estate against Gamble; and 3. That the court erred in providing that the final balance should be distributed subject to the conflicting claims of Schell and Huffaker, and herein that the Schell claim was upon a judgment rendered after the assignment to Huffaker.

1. The record furnishes us no means of ascertaining whether the computation of the amount of the net proceeds of the lot applicable to the legacy was correct or not. The transcript on appeal was prepared under the method prescribed by section 953a of the Code of Civil Procedure. This section appears to be a pitfall for the unwary. The appellant gave the notice to the clerk provided for in that section, requesting that a transcript of certain specified papers and of the testimony of Huffaker, Snook, and Donnelly be made for use on the appeal. The clerk made and certified a transcript containing copies of the papers designated. It does not appear that the appellant gave any security for the cost of the transcript as required by section 953b of the Code of Civil Procedure. No transcript of the testimony was ever made or settled by the judge. The record on appeal contains no bill of exceptions, nor any statement whatever purporting to contain the evidence, if any, given at the hearing. Consequently, we cannot take notice of the contents of papers copied in the transcript, except those which, under section 953a, may be authenticated by the clerk alone. We can consider only the papers which, on an appeal from an order of this character, would be the equivalent of a judgment-roll in an ordinary civil action. These would be the petition for distribution, the opposition thereto, if any written opposition was filed, the counter petitions filed, if any there were, or any other papers in the nature of pleadings filed at or before the hearing pur-

porting to set forth the claim of parties who appeared and claimed distribution, with the answers thereto, also the findings of the court, if any, upon the issues formed, any orders or other papers of like character to those mentioned in section 670 of the Code of Civil Procedure, and the decree of distribution itself. The transcript on file contains all the papers mentioned in the notice given to the clerk. It does not contain the petition for distribution on which the proceeding was founded and upon which the decree was rendered. It contains a paper purporting to set forth the opposition to distribution, filed by Schell. If Huffaker or Gamble filed any papers relating to the distribution, the record does not contain them. The record is inexcusably defective. The presumptions of law are all in favor of the action of the court below. If error is claimed, the record on appeal must contain sufficient legal evidence of it, or we must disregard the claim. Some papers which perhaps might have been admissible as evidence are set forth, but there is no certificate of the judge and nothing to show that these papers were introduced in evidence, or that they were considered by the court below in determining the case. It is clear that upon this showing we cannot consider these papers or determine that the court did not correctly compute the net proceeds of the sale of the lot. (*Totten* v. *Barlow,* 165 Cal. 378, [132 Pac. 729] ; *Knoch* v. *Haizlip,* 163 Cal. 20, [124 Pac. 997].)

If there were any method by which the appellant could now obtain an authenticated statement of the evidence given in the court below and upon which it acted, we should be inclined to give him an opportunity to have it made up and presented before disposing of the appeal. But the time has long since expired within which such a record could lawfully be made. Moreover, the objection that the transcript was defective in this respect was made by the respondent in his brief filed many months before this cause was put upon the calendar of this court for hearing, and the appellant, probably realizing that it was then too late, took no steps to supply the defect.

2. There is no merit in the objection that the court could not lawfully set off the judgment in favor of the estate against an equal amount of the share of Gamble. It was a debt due from him to the estate, and a part of the assets of

the estate.   The two claims were cross-demands which, upon the principle stated in section 440 of the Code of Civil Procedure, should be set off, one against the other, whenever it can be done without injustice to the parties.   In the present case the judgment was recovered by the administrator before the transfer to Huffaker.   The latter therefore took subject to right a set-off existing in favor of the estate.   We treat this matter solely upon the facts presented by the lawful record before us, assuming, for the purpose of the discussion, that the question is properly presented by the meager record.

3. The written opposition of Schell alleged that the transfer to Huffaker by Gamble was fraudulent and made with the design to defraud Schell as a creditor, and that it was without consideration.   It is not an imperative duty of the court, where such a contest is presented on proceedings for distribution, to decide the rights of the parties to the contest. We have held that it cannot properly do so.   (*Estate of Howe,* 161 Cal. 152, [118 Pac. 515].)   The decree correctly made the order so as to leave the parties free to have their dispute decided in a court of equity in a proper action.

The decree of distribution is affirmed.

Angellotti, J., and Sloss, J., concurred.