[L. A. No. 3851.　Department Two.—March 12, 1915.]

In the Matter of the Estate of WILLIAM RICHARD BROOME, Deceased.

APPEAL — AUTHENTICATION OF RECORD — JUDGMENT-ROLL. — Papers not properly authenticated as having been used on a hearing resulting in a judgment or order or decree cannot be considered on appeal. Saving those papers, and those alone, which may be regarded as constituting the judgment-roll, all others require authentication by the judge.

ID.—APPEAL FROM DECREE OF DISTRIBUTION—WILL NOT PART OF JUDGMENT-ROLL—REFERENCE TO WILL IN OTHER DOCUMENTS FORMING PART OF ROLL.—On an appeal from a decree of final distribution of the estate of a testate, the consideration of which is limited to the papers constituting the judgment-roll, the will, not being a part of

the roll, cannot be considered for the purpose of determining whether the decree conforms thereto, unless some of the papers and files which the court is authorized to consider contains either an exposition of the will or such reference to it as to make it a part of the roll.

ID.—WILL MERGED IN DECREE.—The will becomes merged in a decree of distribution and is merely part of the evidence upon which the decree is based.

APPEAL from a decree of the Superior Court of Santa Barbara County distributing the estate of a deceased person. S. E. Crow, Judge.

The facts are stated in the opinion of the court.

Houghton & Houghton, Annette Abbott Adams, and Marguerite Ogden, for Appellant.

Canfield & Starbuck, and Rufus Landon Horton, for Respondent.

HENSHAW, J.—This is an attempted appeal by Frances Broome, widow of William Richard Broome, deceased, from a decree of final distribution given in the latter's estate. It would appear that on this appeal a different construction of the will of William Richard Broome is sought from that put upon it by the decree, but the record presented to us forbids an examination of the question. It is axiomatic that papers not properly authenticated as having been used on a hearing resulting in a judgment or order or decree cannot be considered on appeal. Saving those papers, and those alone, which may be regarded as constituting the judgment-roll, all others require authentication by the judge. What may be regarded as constituting the judgment-roll in an appeal such as this is set forth in *Estate of Gamble,* 166 Cal. 253, [135 Pac. 970]. There it is said: "These would be the petition for distribution, the opposition thereto, if any written opposition was filed, the counter petitions filed, if any there were, or any other papers in the nature of pleadings filed at or before the hearing purporting to set forth the claims of the parties who appeared and claimed distribution, with the answers thereto, also the findings of the court, if any, upon the issue formed, any orders or other papers of like character to those mentioned in section 670 of the Code

of Civil Procedure, and the decree of distribution itself." These papers, and these alone, are we permitted to consider upon this appeal. But the transcript brought upon support of this appeal, apparently prepared under the new method (Code Civ. Proc., sec. 953a), consists of a number of papers, records, and documents, including the order admitting the will to probate, petition for letters of administration with the will annexed, order appointing administrator with the will annexed, and stipulation of the parties, bearing for certification nothing further than the declaration of the clerk that the copies contained in the transcript are true and correct copies of the same "as they appear on file and of record in my office." Therefore the will of William Richard Broome, deceased, upon which the decree of distribution is based, is not before this court for consideration. We do not mean by this to be understood as saying that if any of the papers and files which we are authorized to consider contained either an exposition of the will or such reference to it as to make it a part of the judgment-roll, it might not here be considered. But such is not the condition of affairs presented by this appeal. The petition for distribution declares merely that the petitioner is the administrator with the will annexed, and asks that distribution be decreed, to this appellant one-third of the estate, and to the three named children of the deceased each two-ninths of the estate. The decree of distribution in precise terms follows the petition. The will is thus merged in the decree of distribution. It is merely a part of the evidence upon which the decree of distribution is based. (Wills v. Wills, 166 Cal. 529, 532, [137 Pac. 249].) "On appeal the presumptions of law are all in favor of the action of the court below. If error is claimed, the record on appeal must contain sufficient legal evidence of it or the claim must be disregarded." (Estate of Gamble, 166 Cal. 253, [135 Pac. 970].) Such is the precise situation here presented, and for this reason the decree appealed from is affirmed.

Lorigan, J., and Melvin, J., concurred.