[Civ. No. 3854. First Appellate District, Division One.—July 13, 1921.]

In the Matter of the Estate of REBECCA SCHAEFFER, Deceased. JOHANNA BARNETT et al., Appellants, v. HENRY C. SCHAEFFER, Respondent.

[1] APPEAL—DECREE OF DISTRIBUTION—TYPEWRITTEN RECORD.—An appeal from an order and decree settling a final account and decreeing distribution of an estate is not subject to dismissal for want of a printed record; where prosecuted under the alternative method and the transcript, which contains the necessary papers is prepared in the manner prescribed by section 953a of the Code of Civil Procedure and properly authenticated by the clerk.

[2] ESTATES OF DECEASED PERSONS—INDEBTEDNESS OF DISTRIBUTEE—STATUTE OF LIMITATIONS—SETOFF.—An indebtedness of a distributee to an estate which is barred by the statute of limitations cannot be set off against the distributive share of the debtor.

APPEAL from a decree of distribution of the Superior Court of Napa County. Henry C. Gesford, Judge. Affirmed.

The facts are stated in the opinion of the court.

W. E. Rode for Appellants.

Clarence N. Riggins for Respondent.

WASTE, P. J.—Certain of the heirs and devisees of Rebecca Schaeffer, deceased, and the administratrix, appeal on a question of law alone, from the order and decree settling the final account of the administratrix, and decreeing distribution of the residue of the estate. The respondent makes a preliminary objection and seeks a dismissal in the absence of a printed record.

[1] The appeal is prosecuted under the alternative method. The transcript, prepared in the manner prescribed by section 953a of the Code of Civil Procedure, is properly authenticated by the clerk. It includes, among other papers, the verified final account, report, and petition for distribution, the written opposition and exceptions thereto, the order and decree settling the account, and directing distribution, which sets out the findings of the court upon the

matter in controversy. It was not necessary that the record be printed. The enumerated papers, constituting the ordinary judgment-roll (*Estate of Gamble*, 166 Cal. 253, 255, [135 Pac. 970]), are properly presented in the typewritten "Clerk's Transcript." (Code Civ. Proc., secs. 953a, 953c, Supreme Court Rule VII.) The appellants have printed in full in the appendix to their brief, as required by the code, the portions of the record which they desire to call to the attention of the court, in presenting the point to be considered on this appeal. Nothing more was required. The cases relied upon by the respondent to support his contention were rendered inapplicable by the amendment to section 953a, adopted by the legislature in 1915. (*Silvers* v. *Grossman*, 183 Cal. 696, [192 Pac. 534].)

Rebecca Schaeffer died testate, leaving four children, who were made devisees under the will. When the estate was in condition to be closed, the administratrix with the will annexed filed the final account and report of her administration, together with a petition for final distribution. As shown by the account, the property to be distributed consisted of quite a large amount of cash, one United States Liberty Bond, two notes and mortgages, and a claim against Henry C. Schaeffer, this respondent, for $790, alleged to be due for rent. One of the notes secured by mortgage also represented an indebtedness of the respondent. In the petition for distribution the administratrix asked that the total indebtedness of said Henry C. Schaeffer, including the claim for rent, be offset against and deducted from his distributive share of the estate, which was somewhat in excess of the estate's demand against him. The respondent filed written objections and exceptions to the account and petition for distribution, in which he denied that the sum of $790, or any amount, was due from him to the estate for rent, and interposed the bar of the statute of limitations against the claim. He resisted the prayer for a deduction of that amount from his distributive share of the estate.

At the hearing it was stipulated, and the decree settling the final account and of distribution recites, that in 1912 the respondent was indebted to Rebecca Schaeffer, the deceased, in the sum of $790 for rent; that the indebtedness has never been paid; that a written acknowledgment or promise to pay the same has never been given; and that

the indebtedness was barred by the statute of limitations at the time Rebecca Schaeffer executed her will, and at the time of her death. The lower court sustained the position of the respondent. It distributed the assets of the estate to the persons entitled, but refused to deduct the indebtedness for rent from respondent's distributive share. It is from that portion of the order and decree that this appeal is prosecuted, presenting for our consideration, as the single question of law, the effect of the bar of the statute of limitations upon the right of the court, sitting in probate, to deduct an indebtedness from the distributive share of the debtor in his ancestor's estate.

[2] It is, of course, the well-settled general rule, with certain exceptions, that when the residue of the estate consists of money, a debt due from a distributee to an estate, and forming a part of the assets of the estate, may be properly set off against the distributive share due such debtor, whenever it can be done without injustice to the parties. (*Estate of Gamble,* 166 Cal. 253, 257, [135 Pac. 970] ; 18 Corpus Juris, pp. 883, 884, 11 R. C. L., sec. 276.) As to debts barred by the statute of limitations, it is the rule in some jurisdictions that they may be deducted, and in others that they may not. (18 Corpus Juris, *supra.*) The question has never been considered by the appellate courts of this state, so far as we can ascertain, but we incline to the side of those jurisdictions which hold that the interposition of the statute of limitations is as effective as a bar to any such action, in a proceeding in probate on distribution, as it would be in an ordinary legal action to recover the amount of the indebtedness alleged to be due. The authorities which hold to the contrary refuse, for the most part, upon broad equitable grounds, to accord the right and privilege to a distributee of an estate to interpose the bar of the statute of limitations on distribution, which he would have in an action brought against him by the testator, if living, or by the personal representative of the decedent's estate. We see no just reason for making such a distinction. It was long ago held in this jurisdiction that the statute of limitations is to be regarded as one of repose, the benefit of which cannot be taken from one without his consent. (*McCarthy* v. *White,* 21 Cal. 495, 503, [82 Am. Dec. 754].) It avails in suits in equity equally with actions

at law.  (*Grattan* v. *Wiggins*, 23 Cal. 16, 35; *Lux* v. *Haggin*, 69 Cal. 255, 267, [4 Pac. 919, 10 Pac. 674].)   The defense of the statute is a privilege personal to the debtor, and whenever in any legal proceeding it is invoked by the debtor, the court is compelled to recognize it as a defense. (*Bates* v. *Gregory*, 89 Cal. 387, 398, [26 Pac. 891].)   The right to invoke the bar of the statute is as much to be protected as any other right that a man has.   The fact that the defense pertains to the remedy does not alter the case.   Deprivation of a remedy is equivalent to a deprivation of the right which it is intended to vindicate. (*Board of Education* v. *Bodgett*, 155 Ill. 441, 450, [46 Am. St. Rep. 348, 31 L. R. A. 70, 40 N. E. 1025].)   The lower court, sitting in probate in the instant case, was vested only with the limited jurisdiction conferred upon it by statute. (*Martinovich* v. *Marsicano*, 137 Cal. 354, 356, [70 Pac. 459].)   It may not be seriously contended that it had any greater power in this matter than it would have possessed if in the exercise of its legal or equitable jurisdiction.   The real purpose of the petition was, and its only effect if granted would be, to enforce collection of the debt in question.   The proceeding was, therefore, clearly analogous to an action at law for the same purpose.   It follows that, under the stipulated facts, the trial court properly held that the statute of limitations barred not only the remedy of the appellants, as the heirs and personal representatives of the testatrix, but the right to collect the debt as well.   It therefore properly refused to offset the amount against respondent's share of the estate.  (*Hesley* v. *Shaw*, 120 Ill. App. 92, 100; *Boden* v. *Mier*, 71 Neb. 191, 199, [98 N. W. 701]; *Allen* v. *Edwards*, 136 Mass. 138; *Milne's Appeal*, 99 Pa. St. 483, 490; *Richardson* v. *Keel*, 77 Tenn. (9 Lea) 74, 78.)

The decree is affirmed.

Richards, J., and Kerrigan, J., concurred.