[L. A. No. 7948. In Bank.—January 24, 1925.]

In the Matter of the Estate of HORACE G. CATES, Deceased. CLAIRE A. CATES, as Executrix, etc., Appellant, v. MARY B. CATES, as Administratrix, etc., Respondent.

[1] ESTATES OF DECEASED PERSONS — DEBT DUE FROM DISTRIBUTEE — OFFSETS.—While it is a well-settled general rule that, under some circumstances, a debt due from a distributee to an estate, forming part of the assets of the estate, may be properly set off against the distributive share due such debtor, whenever it can be done without injustice to the parties, assets of an estate cannot be collected upon distribution.

[2] ID.—PROMISSORY NOTES—STATUTE OF LIMITATIONS—ATTORNEY'S FEES—OFFSET.—In the settlement of the estate of a deceased person the court has no power to offset against the fees due one of the attorneys for the administratrix of the estate, since deceased, the amount of certain promissory notes executed by the attorney to the decedent, but which are barred by the statute of limitations and on account of which no claim was presented to the executrix of the estate of the deceased attorney.

[3] ID. — STATUTE OF LIMITATIONS — FAILURE TO PRESENT CLAIM— WAIVER.—An executor is not permitted to waive either the general statute of limitations or the failure to present a claim against the estate, nor can he or the judge of the superior court having jurisdiction of the estate allow a barred or unpresented claim.

(1) 24 C. J., p. 523, sec. 1389.   (2) 24 C. J., p. 162, sec. 1884.
(3) 24 C. J., p. 297, sec. 907, p. 376, sec. 1051, p. 790, sec. 1968.

1. Heir's distributive share in realty as chargeable with his indebtedness to estate, notes, 7 Ann. Cas. 563; Ann. Cas. 1916D, 1294. See, also, 11 R. C. L. 245; 12 Cal. Jur. 182.

3. See 11 R. C. L. 216; 11 Cal. Jur. 749.

APPEAL from an order of the Superior Court of Los Angeles County. Ruben S. Schmidt, Judge Presiding. Reversed.

The facts are stated in the opinion of the court.

Kimball Fletcher for Appellant.

Gibson, Dunn & Crutcher and E. H. Conley for Respondent.

WASTE, J.—Claire A. Cates, as executrix of the estate of Alton M. Cates, deceased, appeals from that portion of an order or decree in the matter of the estate of Horace G. Cates, deceased, allowing attorney's fees earned by Alton M. Cates during his lifetime, as attorney for the estate of said Horace G. Cates, deceased, but offsetting against such allowance the amount of certain notes made by Alton M. Cates to Mary B. Cates, administratrix of the estate of Horace G. Cates, deceased, during the administration of the latter estate. The effect of the order is that, although the court sitting in probate found that Alton M. Cates during his lifetime rendered services to the administratrix of the estate of Horace G. Cates, for which Alton's estate was entitled to an allowance of $1,351, his executrix received nothing in the transaction.

Horace G. Cates and Alton M. Cates were brothers. Horace died in 1911, and Mary B. Cates was appointed administratrix of his estate. Alton M. Cates and other counsel acted as attorneys for the administratrix until Alton died in November, 1920. At the time of the death of Horace there were among his effects several notes made by Alton, recovery on all of which, but two, aggregating $1,391, had become barred by the statute of limitations. After the appointment of Mary B. Cates as administratrix of the estate of Horace, Alton Cates, on June 9, 1911, executed two notes in favor of the administratrix as renewals of the two obligations not barred by the statute. One of these was in the principal sum of $1,249, and the other for $142, each bearing interest, and payable on or before June 9, 1915. Nothing was ever paid on either of the notes, nor were they ever renewed.

Consequently, they were barred by the statute of limitations June 9, 1919.

Alton M. Cates died November 23, 1920. His will was admitted to probate December 22, 1920, and the time for presenting creditors' claims against his estate expired October 31, 1921. No claim was presented against his estate based on the notes executed by him in renewal of the prior indebtedness to his brother. In 1923, Mary B. Cates, as administratrix of the estate of Horace G. Cates, filed her final account and petition for distribution. Among other facts, she alleged that the statutory fees due to the attorneys for her as administratrix amounted to the sum of $3,179, in addition to which she prayed for an allowance for extraordinary services in behalf of her counsel other than Alton. Claire A. Cates, as executrix of the will of Alton M. Cates, thereupon filed objections to the final account, and petitioned for an order fixing the amount of compensation to be allowed for the services rendered by Alton during his lifetime to the administratrix of the estate of Horace. By stipulation, the matter of the final account with respect to attorney's fees and the objections thereto, was referred for trial to a judge *pro tem*. Over objections of the executrix of Alton, the appellant here, one of the counsel for the administratrix of the estate of Horace was permitted to testify that, when the renewal notes were executed, Alton stated verbally to his co-attorney that any claim which Alton might have for attorney's fees should be set off against his indebtedness due the estate of Horace, whenever the estate of his brother was in condition to pay the attorney's fees.

After a hearing, the court allocated to the executrix of the will of Alton M. Cates forty-two and one-half per cent of the statutory attorneys' fees, amounting to $1,351, and the sum of $250 for extraordinary services. The remainder of the statutory fees and certain sums for extraordinary services were awarded to the other counsel for the administratrix. From this part of the decree there is no appeal. The court, however, went further. It found that when Alton made the two notes now in question he verbally agreed that such notes should be set off against any attorney's fees he might earn in the matter of his brother's estate. On this finding the court allowed the principal sums of the notes,

195 Cal.—21

together with the accumulated interest, as an offset against the allowance to Alton's executrix for attorney's fees. The amount found due upon the promissory notes being in excess of the allowance for attorney's fees, the court decreed that Claire A. Cates, as the executrix of the estate of Alton M. Cates, should receive nothing in the settlement of the account in the matter of the estate of Horace. From this part of the decree Claire A. Cates, as such executrix, appeals. Her contention is that, since the notes were barred both by the general statute of limitations and because they were not presented to the executrix of the estate of Alton M. Cates, deceased, they may not be set off against the conceded obligation to pay attorney's fees.

[1] The appeal presents a novel question in the jurisprudence of this state. Situations have arisen before, however, which, by analogy, furnish an answer to the question we are now considering. While it is a well-settled general rule that, under some circumstances, a debt due from a distributee to an estate, forming part of the assets of the estate, may be properly set off against the distributive share due such debtor, whenever it can be done without injustice to the parties (*Estate of Gamble*, 166 Cal. 253, 257 [135 Pac. 970]; 12 Cal. Jur., p. 182, par. 929), assets of an estate cannot be collected upon distribution. (*In re Smith*, 108 Cal. 115, 122 [40 Pac. 1037]; see, also, *Estate of Cook*, 77 Cal. 220, 233 [11 Am. St. Rep. 267, 1 L. R. A. 567, 17 Pac. 923, 19 Pac. 431].) Consequently, it was held in the Smith case that the court sitting in probate had no power upon distribution to deduct an amount due from a deceased executor for money of the estate, received by him in the course of administration, from the share found due him upon distribution, where the surviving executor had not presented a claim for the amount or compelled an accounting. In some jurisdictions, debts due from a distributee to a decedent, although barred by the statute of limitations, may be deducted from the distributive share of the debtor. (18 Cor. Jur., p. 883.) That rule has not been followed in this state. (*Estate of Schaeffer*, 53 Cal. App. 493, 495 [200 Pac. 508].) In that case, a distributee was indebted to the estate, but recovery of the debt was barred by the statute of limitations. In the petition for distribution the administratrix sought to have the total amount

of indebtedness offset and deducted from the distributive share of the debtor, which was somewhat in excess of the estate's demand on him. The distributee interposed the bar of the statute. The lower court sustained the contention, and the ruling was affirmed on appeal. The court pointed out that in this jurisdiction the statute of limitations is to be regarded as one of repose, the benefit of which cannot be taken from one without his consent, and avails in suits in equity equally with actions at law. The defense of the statute being a privilege personal to the debtor, the court is compelled to recognize it as a defense whenever in any legal proceeding it is invoked by the debtor. The court said: "The lower court, sitting in probate in the instant case, was vested only with the limited jurisdiction conferred upon it by statute. (*Martinovich* v. *Marsicano,* 137 Cal. 354, 356 [70 Pac. 459].) It may not be seriously contended that it had any greater power in this matter than it would have possessed if in the exercise of its legal or equitable jurisdiction. The real purpose of the petition was, and its only effect if granted would be, to enforce collection of the debt in question. The proceeding was, therefore, clearly analogous to an action at law for the same purpose. It follows that, under the stipulated facts, the trial court properly held that the statute of limitations barred not only the remedy of the appellants, as the heirs and personal representatives of the testatrix, but the right to collect the debt as well. It therefore properly refused to offset the amount against respondent's share of the estate."

[2] In the case at bar, had the respondent attempted in an action at law to enforce collection of the amount due on the promissory notes at the time of distribution of the estate of her husband, she would have been met, not only by the bar of the general statute of limitations, but by the fact that she had not filed with the clerk of the court, or presented to the executrix of the estate of Alton M. Cates, deceased, a claim therefor. (Code Civ. Proc., sec. 1500.) It was her duty as the administratrix of the estate of Horace G. Cates, deceased, to preserve the amount due on the promissory notes as an asset of the estate, by preventing recovery on the notes becoming barred by the statute of limitations. If further renewal of the notes had been refused, she should have

instituted an action thereon in the proper court. When Alton M. Cates died the right to proceed to collect the amount due on the promissory notes was already barred by operation of the statute. (Code Civ. Proc., sec. 337, subd. 1.) No claim was presented against his estate. **[3]** His executrix was not permitted to waive either the general statute of limitations or the failure of the administratrix of the estate of Horace G. Cates to present a claim. (*Boyce* v. *Fisk,* 110 Cal. 107, 117 [42 Pac. 473].) Neither his executrix nor the judge of the superior court having jurisdiction of his estate could have allowed a claim based on the notes if one had been presented. (Code Civ. Proc., sec. 1499; *Barclay* v. *Blackinton,* 127 Cal. 189, 193 [59 Pac. 834].) By its action in offsetting the amount of the outlawed notes against the amount found due for attorney's fees, the lower court attempted to do indirectly that which it is not permitted to do directly.

In view of the conclusion we have reached, that the court erroneously offset the amount of the notes of Alton M. Cates against the amount allotted to his estate for services rendered by him, as one of the attorneys of the estate of Horace G. Cates, deceased, and for the reasons we have advanced, it becomes unnecessary to consider the contention of the appellant, that the finding that Alton M. Cates orally agreed that the promissory notes should be offset against any attorney's fees he might earn, is not supported by the evidence. If any such promise was made at the time the notes were renewed in 1911, it did not serve to toll the general statute of limitations, or to render unnecessary the presenting of a proper claim against Alton's estate.

The order appealed from is reversed.

Lawlor, J., Richards, J., Seawell, J., Shenk, J., and Lennon, J., concurred.