[S. F. No. 14186. In Bank.—October 24, 1932.]

In the Matter of the Estate of RUSSELL H. HUBBELL, Deceased. BANK OF ITALY NATIONAL TRUST AND SAVINGS ASSOCIATION, Guardian, etc., et al., Appellants; FRANK H. EVERS et al., Individually and as Executors, etc., Respondents.

Thomas E. O'Donnell and Peter A. Breen for Appellants.

Lee M. Olds, Hartley F. Peart, Gus L. Baraty and Russell Shearer for Respondents.

WASTE, C. J.—Two appeals are here presented from the final decree of distribution entered in the above-entitled estate. The appeals have been consolidated by stipulation of the parties and are presented upon a single transcript and set of briefs.

Russell H. Hubbell, the decedent, died November 4, 1928. His last will and testament, together with a codicil thereto, were admitted to probate on November 26, 1928. Decedent bequeathed $30,000 to each of the appellants herein. During the course of administration of the estate a decree of partial distribution was duly entered under the terms of which there was distributed to each appellant the sum of $15,000 to apply on account of their respective legacies. Subsequently and by way of final decree of distribution there was distributed to each appellant an additional sum of $15,000. Both the partial and final decrees of distribution were entered more than one year after the testator's death. Section 162 of the Probate Code (formerly sections 1368 and 1369 of the Civil Code) provides in part that "Legacies are due and deliverable one year after the testator's death, and bear interest from that time. . . ." Relying upon the foregoing statutory pronouncement, the appellants "appeal from the decree of final distribution upon the single ground that the decree fails to provide for the payment of interest

upon their legacies for the period between one year after testator's decease and the payment of the legacies''.

Respondents do not deny that legacies bear interest on and after the expiration of one year from the testator's death, but contend that the appellants for various assigned reasons have lost or waived their right to such interest. Respondents' first contention, presented by way of motion to dismiss, which motion was heretofore continued to be heard with the cause on its merits, is that the appellants by accepting payment of a sum equal to the principal of their respective legacies have lost or forfeited their right to appeal. In support thereof the respondents rely on the rule which declares that ''the right to accept the fruits of a judgment or order and the right to appeal therefrom, are not concurrent, but are wholly inconsistent, and an election of either is a waiver and renunciation of the other''. (*County of San Bernardino* v. *County of Riverside,* 135 Cal. 618, 620 [67 Pac. 1047]; *Estate of Shaver,* 131 Cal. 219, 221 [63 Pac. 340]; *Storke* v. *Storke,* 132 Cal. 349 [64 Pac. 578]; *Estate of Baby,* 87 Cal. 200 [22 Am. St. Rep. 239, 25 Pac. 405].) Examination of the authorities discloses, however, that a limitation is placed upon this rule in those cases where a reversal of the judgment or order cannot affect the right of the party to the benefit which he has secured thereby, as when the only controversy relates to a greater sum. That is to say, where there is no controversy as to a party's right to the amount for which the judgment is given, his acceptance thereof will not preclude an appeal based upon a claim that he was entitled to a greater amount. (*Estate of Clark,* 190 Cal. 354, 358, 359 [212 Pac. 622]; *Estate of Ayres,* 175 Cal. 187–190 [165 Pac. 528]; *Walnut Irr. Dist.* v. *Burke,* 158 Cal. 165, 167 [110 Pac. 517]; *County of San Bernardino* v. *County of Riverside, supra.*)

The present case falls squarely within the limitation to the rule. There can be no doubt as to the right of the appellants to receive the $30,000 distributed to each of them. Each was entitled as matter of right to this sum under the terms and provisions of the testator's will. This being so, their respective acceptance of this sum should not, under the exception to the general rule, preclude them from attacking the decree so far as it fails to allow them a further and additional sum by way of interest.

578

■ Nor do we think section 3290 of the Civil Code militates against appellant's claim for interest. That section reads: "Accepting payment of the whole principal, as such, waives all claim to interest." The foregoing code section appears in that part of the Civil Code entitled "Interest as Damages". We are inclined to the view that interest is due on a legacy not as a penalty for nonpayment or default in payment, but as a part of or an accretion to the legacy itself. (*Kent* v. *Durham,* 106 Mass. 586, 590; *In re Payne's Will,* 171 Wis. 608 [10 A. L. R. 993, 177 N. W. 858, 859]; *Esmond* v. *Brown,* 18 R. I. 48 [25 Atl. 652, 653].) In the case last above cited, an action in *assumpsit* to recover interest due on a legacy was allowed even though the legacy had theretofore been paid. From what has been said, it follows that any payment less than the aggregate of the legacy and interest constitutes nothing more than a payment on account and should not serve to extinguish the right to interest on the legacy.

■ There is no merit in the respondents' further contention that the appellants by failing to appeal from the decree of partial distribution can recover interest only on the sum distributed to them under the final decree of distribution. Until the entry of the final decree of distribution the appellants were not in a postition to know that the interest to which they are rightly entitled was to be denied them. This being so, the appellants were not aggrieved until the entry of the final decree and it must therefore be concluded that they have diligently prosecuted their claims.

■ What has just been said is equally applicable to the contention that appellants are now foreclosed from claiming interest on their legacies by reason of their failure to first urge the point in the court below. The averments of the petition for distribution were not such as to definitely inform the appellants that they were to be denied interest on their legacies. The petition merely requested that the estate be distributed without indicating the persons to whom or the proportions in which it was to be distributed. It was the duty of the probate court to distribute the estate among the persons entitled and in the proportions due them under the will and the law, and to order the payment of interest to the appellants on their legacies. It necessarily follows that prior to the entry of the final decree of distribu-

tion there was no occasion to urge the point in the court below. Under the circumstances, the point is timely presented. The decision in *Estate of Schmierer,* 168 Cal. 747, 749 [145 Pac. 99], intimates that a legatee in order to protect his right to interest must urge the point on an appeal from the decree of distribution. The appellants have here pursued the suggested course.

This brings us to a consideration of the sufficiency of the record on appeal. The appeal is before us on what might be termed a ''clerk's transcript''. It is the respondent's contention that there are included therein certain papers not properly a part of the ''judgment roll'' on an appeal from a final decree of distribution, and that when such papers are excluded from consideration the record does not show any failure to allow the necessary interest. Respondents urge that the ''judgment roll'' on an appeal from a final decree of distribution consists only of ''the petition for distribution, the opposition thereto, if any written opposition was filed, the counter petitions filed, if any there were, or any other papers in the nature of pleadings filed at or before the hearing purporting to set forth the claim of the parties who appeared and claimed distribution, with the answers thereto, also the findings of the court, if any, upon the issues formed, any orders or other papers of like character to those mentioned in section 670 of the Code of Civil Procedure, and the decree of distribution itself''. (*Estate of Broome,* 169 Cal. 604, 605 [147 Pac. 270]; *Estate of Gamble,* 166 Cal. 253, 255, 256 [135 Pac. 970].)

Disregarding as surplusage all portions of the transcript not properly a part of the ''judgment roll'', we are of the view that there remains sufficient to warrant a consideration of the point here urged by the appellants. There can be no question as to the propriety of the inclusion in the clerk's transcript of the ''Final Account and Petition for Distribution'' and the ''Decree of Final Distribution''. Examination of these papers alone, excluding from consideration all other portions of the record, readily discloses the error of the court below in not allowing interest to the appellants on their respective legacies.

For the foregoing reasons, the motion to dismiss is denied and the final decree of distribution here appealed from is reversed, with directions to the court below to so amend the

same as to provide for the payment of interest to the appellants on their respective legacies; interest at the legal rate to be allowed to the appellants on one-half of their respective legacies for the period elapsing between one year after the testator's death and the date of payment under the decree of partial distribution, and on the remaining half of the respective legacies for the period elapsing between one year after the testator's death and the date of payment under the final decree of distribution.

Curtis, J., Preston, J., Shenk, J., Tyler, J., *pro tem.*, and Seawell, J., concurred.