THOMPSON, J.
 

 The administratrix with the will annexed of the Estate of George B. Clifford, deceased, has appealed from an order directing partial distribution of a legacy of $1,000 to the assignee thereof.
 

 George B. Clifford died testate in Napa County June 22, 1919. By the terms of his will a legacy of $1,000 was bequeathed to Sadie L. Morris. The will Vas admitted to probate in August, 1919. Letters of administration with, the will annexed were issued to Gladys Vice, the appellant herein.
 

 In August, 1918, George B. Clifford executed to Sadie L. Morris a deed of conveyance to a house and lot in Napa. The deed was placed in escrow to be delivered to the grantee upon the death of the grantor. After the death of Clifford the deed was delivered and recorded. For a period of time thereafter Miss Morris occupied or rented the premises. Sub
 
 *125
 
 sequently the representatives of the estate of Clifford brought suit against Morris to set aside the deed to the Napa property on the ground that it was void for lack of consideration and because the grantor was of unsound mind at the time of its execution. In that suit the court found the deed to be invalid and quieted title to the lot in the estate of Clifford. Miss Morris was then dispossessed. In 1926 the estate brought suit against Sadie L. Morris to recover rent for the Napa premises in the sum of $1444.20 alleged to have been due from her for the period of time she held possession of the property. In 1934 the suit was dismissed for lack of prosecution.
 

 In May, 1921, for a valuable consideration, Sadie L. Morris assigned her $1,000 legacy in the Clifford estate to E. E. Keyes. A copy of that assignment was filed in the estate November 16, 1923. In August, 1935, the assignee petitioned the probate court for partial distribution of that legacy. Objections to the petition were filed by the administratrix, alleging that Sadie L. Morris was indebted to the estate for rent of the Napa property in the sum of $1444.20. Upon the hearing of that petition the court found that all taxes of the estate had been paid; that the estate was little indebted and that “the share of the petitioner asked for may be allowed to him without loss to creditors of the estate, and that no injury can result to the estate therefrom”. Thereupon the court directed partial distribution to the assignee of the $1,000 legacy together with accrued interest thereon. From that order the administratrix has appealed.
 

 It is contended the order for partial distribution should be reversed for the reason that the court failed to adopt specific findings with respect to the money alleged to be due the estate from Sadie L. Morris from rent collected and retained by her from the real property in question; that the probate court was without jurisdiction to determine the controversy regarding the alleged indebtedness, and that the legacy should have been offset by the indebtedness due the estate from the legatee, which would then leave no portion of the legacy subject to distribution.
 

 Assuming, without so deciding, that the legatee was indebted to the estate on account of rent due from her while she was in possession of the real property, that claim was barred by the statute of limitations, for more than ten years
 
 *126
 
 had elapsed since the alleged indebtedness accrued. The court therefore had no authority to offset the legacy due to the assignee of Sadie L. Morris for the reason that the alleged debt was outlawed.
 
 (Estate of Cates,
 
 195 Cal. 319 [232 Pac. 972] ;
 
 Estate of Smith,
 
 108 Cal. 115 [40 Pac. 1037] ;
 
 Estate of Schaefer,
 
 53 Cal. App. 493 [200 Pac. 508].) Nor did the petitioner waive his right to rely on the bar of the statute of limitations for failure to specifically plead that defense. The new matter involving the alleged indebtedness due to the estate was set up by the appellant in her answer to the petition for partial distribution. ít is established law that a statement of new matter alleged in thé answer in avoidance of the claim or constituting a defense or counterclaim thereto is deemed to be controverted by the opposite party. The law automatically raises the implied replication to the new matter, including the defense ■ thereto of estoppel, waiver, bar by virtue of the statute of limitations, or any other proper defense. Under such circumstances, evidence of these defenses may be adduced at the trial without specifically pleading them. The petitioner in this proceeding was not required to specifically plead the statute of limitations to the alleged offset of indebtedness set up by the appellant in her opposition to the petition for partial distribution. (21 Cal. Jur. 166, sec. 113;
 
 Union Sugar Co.
 
 v.
 
 Hollister Estate Co.,
 
 3 Cal. (2d) 740 [47 Pac. (2d) 273].)
 

 It is ordinarily true that all proper issues of facts joined in probate proceedings like any civil action must be determined and that the court should adopt appropriate findings respecting such issues. (Sec. 1230, Probate Code;
 
 Estate of Pendell,
 
 216 Cal. 384 [14 Pac. (2d) 506];
 
 Estate of Exterstein,
 
 2 Cal. (2d) 13 [38 Pac. (2d) 151] ; 11A Cal. Jur. 171, sec. 104; 11B Cal. Jur. 707, sec. 1228.) In the order for partial distribution which was signed and filed in this proceeding the court did find:
 

 “That all inheritance taxes due from the distributees and all personal property taxes due and payable by the estate, have been paid; and that said estate is but little indebted, and that the share of the petitioner asked for may be allowed to him without loss to creditors of the estate, and that no injury can result to the estate therefrom, . . .
 

 
 *127
 
 “It is ordered . . . that the said Gladys Vice, as the administratrix with the will annexed of said estate, forthwith deliver to E. E. Keyes . . . the following described property, to-wit, the sum of One Thousand Dollars, ...”
 

 The preceding findings include a determination of all the ultimate facts which are required by sections 1000 and 1001 of the Probate Code on a petition for partial distribution.
 

 The appellant contends that the order for partial distribution should be reversed because the court failed to adopt a specific finding upon the issue raised by her opposition to the petition in which it was alleged Sadie L. Morris, the assignor of the $1,000 legacy which was bequeathed to her by the terms of the will, collected rents from real property belonging to the estate to the amount of $1444.20, which she had not accounted for and that her legacy should therefore be offset by this indebtedness.
 

 There is no merit in this contention. The finding which was adopted to the effect that the $1,000 legacy could be distributed as prayed for without loss to the creditors or the estate necessarily refutes the assumption that any unpaid rent which was collected by the legatee belonging to the estate would affect the estate or the right to partial distribution. It constitutes a finding of the only necessary ultimate fact required under the circumstances of this proceeding. It is said in that regard in 11B California Jurisprudence, page 709, section 1228:
 

 “The finding that the estate is but little indebted and that the property may be distributed without loss to creditors is a finding of facts essential to justify the court in making the decree.”
 

 To the same effect are the cases of
 
 Estate of Dutard,
 
 147 Cal. 253 [81 Pac. 519], and
 
 Estate of Hale,
 
 121 Cal. 125 [53 Pac. 429]. Moreover, our attention is called to no evidence in the record which will sustain a finding in appellant’s favor to the effect that any such rent collected by Sadie L. Morris belonging to the estate remains unaccounted for. In the absence of such evidence, we must assume that if a specific finding on that subject were required it would necessarily be adverse to the appellant. The failure to adopt a finding in that regard, even though it were required,, would not be reversible error under the circumstances of this case. Upon an independent examination of the record we find
 
 *128
 
 there is ample evidence to support a specific finding that Sadie L. Morris accounted to the estate for all' rent collected and that she owed the estate nothing. Judge King, who was formerly the attorney for Miss Morris and as such handled the income from the Napa property, testified that he paid to the estate the balance of all money collected by his client as rent. His statement of the moneys collected, including rent of the property involved, was received in evidence. It shows receipts aggregating the sum of $2,992, and disbursements amounting to $2,574.76, leaving a balance due the estate of $417.24. He stated that he paid that sum to the representative of the estate. It follows that Sadie L. Morris was not indebted to the estate. Evidence of the accounting of the rent received by the legatee was adduced at the instance of the appellant and she may, therefore, not now object to its consideration on appeal.
 

 The decree granting partial distribution is affirmed.
 

 Plummer, J., and Pullen, P. J., concurred.