Filed 4/3/14  Vos v. Calhoon CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Placer)

----

| | |
|---|---|
| SELWYN D.J. VOS, | |
| Plaintiff and Appellant, | C070647 |
| v. | (Super. Ct. No. SCV25940) |
| KENNETH CALHOON et al., | |
| Defendants and Respondents. | |

Appellant Selwyn D.J. Vos (Vos) brings this pro se appeal from the judgment entered in favor of respondents Kenneth Calhoon and his employer, Golden West Real Estate, Inc. (collectively Calhoon), after the trial court sustained Calhoon's demurrer to Vos's third amended complaint without leave to amend.

Because Vos has failed to provide an adequate record on appeal, we cannot conclude the trial court erred.  Accordingly, we affirm the judgment.

BACKGROUND

The subject of the lawsuit is Vos's 1999 purchase of 40 acres of real property in El Dorado County.  The most recent pleading in the appellate record, the second amended complaint, names as defendants Vos's agents (demurring defendants Calhoon), the seller

1

of the property (R.M. Walz Trust), the seller's agents (defendants Linda Gigliotti and Lyon & Associates), and the entity (Property I.D. Corporation) retained to prepare an earthquake report identifying the location of adjacent fault lines.

The second amended complaint contains six causes of action. The gist of Vos's claim is that Calhoon participated in an "illegal sale" of the property to Vos, in that they failed to disclose or intentionally concealed that the real property lies on an earthquake fault line; the property contains naturally occurring asbestos; and 25 of the 40 acres consist of Native American archaeological sites. As a result, the property cannot be developed, and Vos has been exposed to asbestos and the corresponding danger and fear of mesothelioma. The second amended complaint seeks rescission of the contract by which Vos purchased the property, reformation of his title to the property, injunctive relief, and money damages.

Vos filed a third amended complaint, which is not in the record on appeal.[1] Calhoon demurred to the complaint; their demurrer is not in the record on appeal.

Following a hearing, the transcript of which is not in the record on appeal, the trial court issued a ruling sustaining the demurrer without leave to amend and dismissing Vos's action as to Calhoon. In so doing, the court ruled Vos's first cause of action for breach of fiduciary duty fails to state a valid cause of action, and is barred by the applicable statute of limitations; Vos's second cause of action for fraud fails to state a

---

[1] In his reply brief, Vos states, "the full text of the 3rd Amended Complaint is omitted from [the] clerk's transcript because this court sent [it] back to Placer Court for removal of large drawings only." It is not true the third amended complaint does not appear in the clerk's transcript because any court caused it to be omitted. Rather, Vos's second amended notice designating the record on appeal requests the inclusion in the clerk's transcript of: (1) the first amended complaint; (2) Vos's opposition to defendant Property I.D. Corporation's demurrer to the first amended complaint; and (3) the second amended complaint. It does not request that the clerk include the third amended complaint.

valid cause of action, in that the property is not within an earthquake zone, and the cause of action is otherwise barred by the applicable statute of limitations; and Vos's third cause of action for negligent infliction of emotional distress fails to state a valid cause of action in that Vos has failed to adequately plead facts showing there exists reliable medical or scientific opinion it is more likely than not that Vos will develop mesothelioma due to his exposure to asbestos on his property.

Finally, the trial court concluded the demurrer should be sustained without leave to amend because the third amended complaint does not suggest it can be amended to change its legal effect; Vos failed to make any showing the third amended complaint can be amended to correct the defects noted; and Vos has had previous "opportunit[ies] to amend these causes of action to correct the defects noted, and has failed to do so."

We discuss the trial court's ruling in more detail as it relates to particular contentions raised by Calhoon on appeal, *post*.

DISCUSSION

I

*Applicable Rules Governing this Appeal*

A demurrer may be sustained without leave to amend where the facts are not in dispute and the nature of the appellant's claim is clear but, under substantive law, no liability exists. (*Seidler v. Municipal Court* (1993) 12 Cal.App.4th 1229, 1233.) On appeal from a judgment of dismissal after an order sustaining a demurrer without leave to amend, we examine the complaint de novo to determine whether it alleges facts sufficient to state a cause of action under any legal theory. (*McCall v. PacifiCare of Cal., Inc.* (2001) 25 Cal.4th 412, 415.)

In so doing, we accept as true all material facts properly pled in the complaint. (*Construction Protective Services, Inc. v. TIG Specialty Ins. Co.* (2002) 29 Cal.4th 189, 193; *Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.) We give the complaint a reasonable interpretation and treat the demurrer as admitting all material facts properly pled, but we

3

do not assume the truth of contentions, deductions, or conclusions of law. (*Aubry v. Tri-City Hospital Dist.* (1992) 2 Cal.4th 962, 966-967.)

When, as here, a court sustains a demurrer without leave to amend, our task on review is to "decide whether there is a reasonable possibility the plaintiff could cure the defect with an amendment. [Citation.] If we find that an amendment could cure the defect, we conclude that the trial court abused its discretion and we reverse; if not, no abuse of discretion has occurred." (*Schifando v. City of Los Angeles* (2003) 31 Cal.4th 1074, 1081.)[2]

It is the appellant's burden to show the demurrer was sustained erroneously or the trial court's denial of leave to amend was an abuse of discretion. (*Savage v. Trammell Crow Co.* (1990) 223 Cal.App.3d 1562, 1576; *Bush v. California Conservation Corps* (1982) 136 Cal.App.3d 194, 200.) Moreover, the general rules of appellate practice also apply to our review of a dismissal following a demurrer sustained without leave to amend. (See *Keyes v. Bowen* (2010) 189 Cal.App.4th 647, 655.) Those rules include placing the burden on the appellant to follow the California Rules of Court by providing an adequate record that affirmatively demonstrates error (rule 8.120 et seq.). Because the arguments on appeal must be restricted to evidence in the record, any reference to matters outside the record on appeal generally will not be considered. (Cal. Rules of Court, rule 8.204(a)(2)(C).)

Lack of legal counsel does not entitle a litigant to special treatment. A party representing himself or herself is to be treated like any other party and is entitled to the same, but no greater, consideration than other litigants and attorneys. (*Nwosu v. Uba*

---

[2] In his reply brief, Vos urges this court to conclude that orders and/or findings made at another time, by a different Placer County commissioner, are erroneous and "[t]his error has continued in direct violation of the 1996 El Dorado County General Plan." We consider only the judgment of dismissal after an order sustaining a demurrer from which Vos has taken this appeal.

4

(2004) 122 Cal.App.4th 1229, 1246-1247; see *Leslie v. Board of Medical Quality Assurance* (1991) 234 Cal.App.3d 117, 121 [self-represented parties are held to the "the same 'restrictive procedural rules as an attorney' "].) "A doctrine generally requiring or permitting exceptional treatment of parties who represent themselves would lead to a quagmire in the trial courts, and would be unfair to the other parties to litigation." (*Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 985.)

## II

### *Vos Has Not Shown the Demurrer Was Improperly Sustained without Leave to Amend*

Vos asserts the trial court erred in sustaining the demurrer to his first cause of action without leave to amend, because the statute of limitations for actions involving a fiduciary obligation is triggered "on the date plaintiff discovers, or should have discovered the negligence" and Vos "did explain in his Complaint why he did not discover the matters complained of. He intended to hold the property pending expiration of the existing moratorium in 2006 and it was not until he began his pursuit of developing the subject property that he began learning of these matters."

But the trial court concluded, to the contrary, Vos's allegations "are insufficient to toll the statute of limitations" applicable to his breach of fiduciary duty claim because "[Vos] alleges no facts to explain how the alleged building moratorium prevented him from discovering the conditions of the property." Absent an opportunity to review the third amended complaint Vos was obliged by the California Rules of Court to provide (rule 8.120 et seq.), we cannot conduct an independent review of the allegations of the third amended complaint.[3] (See *McCall v. PacifiCare of Cal., Inc., supra,* 25 Cal.4th at

---

[3] Vos made three designations of the record on appeal. Vos's original designation indicates he intended to include the third amended complaint in the appellate record, but his final (second amended) designation includes only a small subset of the documents specified in the original designation, and it contains no reference to the third amended

p. 415.) And, without an opportunity to review the operative complaint, we cannot conclude the trial court erred in sustaining Calhoon's demurrer to its first cause of action. (See *Savage v. Trammell Crow Co., supra,* 223 Cal.App.3d at p. 1576.)

Vos raises the same challenges to the trial court's sustaining of the second cause of action for fraud without leave to amend. First, he argues, the presence of Native American archaeological sites was "likely susceptible to discovery by a reasonably competent and diligent visual inspection of the property"; Calhoon had a duty to inspect; Vos had no such duty, and Vos did not discover the sites until after the building moratorium was lifted after 2006. Second, Vos argues, Calhoon knew the subject property "was riddled with substantial quantities" of asbestos and failed to tell Vos. The trial court, however, found the third amended complaint's allegations insufficient to justify tolling the statute of limitations for fraud and Vos has failed to provide an adequate appellate record to permit us to determine if the trial court erred in its characterization of the third amended complaint.

As to the third cause of action for negligent infliction of emotional distress, Vos argues the trial court erred in sustaining Calhoon's demurrer because Calhoon "possibly" has guaranteed a death sentence to Vos and others by exposing them for the last 14 years to known onsite rock and ground asbestos on the property.

But the trial court -- in reviewing the allegations of Vos's third amended complaint -- concluded Vos failed to allege facts sufficient to satisfy the standard stated in *Potter v. Firestone Tire & Rubber Co*. (1993) 6 Cal.4th 965, 997 (*Potter*) and *San Diego Gas & Electric Co. v. Superior Court* (1996) 13 Cal.4th 893, 913: "[W]ith respect to negligent infliction of emotional distress claims arising out of exposure to carcinogens and/or other toxic substances: Unless an express exception to this general rule is

---

complaint. Thereafter, Vos made two motions to augment the appellate record, but he never sought to augment the appellate record to include the third amended complaint.

6

recognized, in the absence of a present physical injury or illness, damages for fear of cancer may be recovered only if the plaintiff pleads and proves that (1) as a result of the defendant's negligent breach of a duty owed to the plaintiff, the plaintiff is exposed to a toxic substance which threatens cancer; *and* (2) the plaintiff's fear stems from a knowledge, corroborated by reliable medical or scientific opinion, that it is more likely than not that the plaintiff will develop the cancer in the future due to the toxic exposure. Under this rule, a plaintiff must do more than simply establish knowledge of a toxic ingestion or exposure and a significant increased risk of cancer. The plaintiff must further show that based upon reliable medical or scientific opinion, the plaintiff harbors a serious fear that the toxic ingestion or exposure was of such magnitude and proportion as to likely result in the feared cancer." (*Potter, supra*, 6 Cal.4th at p. 997; see also *San Diego Gas & Electric Co., supra,* 13 Cal.4th at p. 913 [same].) Applying this rule, the trial court concluded Vos failed to plead any facts to meet the second prong of the *Potter* test, i.e., "reliable medical or scientific opinion" corroborates his belief it is more likely than not he will in fact develop mesothelioma due to his exposure to the asbestos on this property and for that reason, held the third amended complaint failed to state a cause of action for negligent infliction of emotional distress.

The trial court's order correctly states the second prong of the *Potter* test. Because we cannot examine the third amended complaint, we must conclude the trial court correctly determined its allegations fail to satisfy that test.

Finally, Vos does not attempt to show on appeal that the trial court's denial of leave to amend was an abuse of discretion.[4]

We affirm the judgment in favor of the demurring respondents.

---

**4** At oral argument, this court received from Vos a document comprised of 12 pages of argument and copies of various documents that are already a part of the appellate record. Over Calhoon's objection, that document has been filed by this court.

DISPOSITION

The judgment dismissing the action as to respondents Kenneth Calhoon and Golden West Real Estate, Inc., is affirmed.  The demurring respondents are awarded their costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(1).)


                                          HOCH          , J.



We concur:



       ROBIE       , Acting P. J.



       BUTZ       , J.



8