Filed 8/18/21

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| MORRIS CERULLO WORLD EVANGELISM, <br><br> Cross-complainant and Appellant, <br><br> v. <br><br> NEWPORT HARBOR OFFICES & MARINA, LLC, <br><br> Cross-defendant and Respondent. | G058836 <br><br> (Super. Ct. No. 30-2019-01056982) <br><br> O P I N I O N |

Appeal from an order of the Superior Court of Orange County, Thomas A. Delaney, Judge.  Affirmed.

G10 Galuppo Law and Daniel T. Watts for Cross-complainant and Appellant.

Copenbarger & Associates, Paul D. Copenbarger and Elaine B. Alston for Cross-defendant and Respondent.

\*        \*        \*

## INTRODUCTION

Morris Cerullo World Evangelism (MCWE) appeals from an order denying its special motion to strike, made pursuant to Code of Civil Procedure section 425.16,[1] which was directed to three affirmative defenses for setoff pleaded by Newport Harbor Offices & Marina, LLC (NHOM) in its answer to MCWE's cross-complaint. The appeal presents two issues: (1) may a special motion to strike under section 425.16, subdivision (b)[2] be directed to an affirmative defense pleaded in an answer and (2) does an affirmative defense for setoff constitute a cause of action or claim for relief subject to an anti-SLAPP motion to strike.

The answer to the first question presented is no—an anti-SLAPP motion may not be directed to an affirmative defense. The reason appears on the face of the statute itself: Only a "cause of action" asserted by a plaintiff, cross-complainant, or petitioner may be the subject of an anti-SLAPP motion. (§ 425.16(b)(1), (h).) A cause of action seeks relief. An affirmative defense cannot seek relief and is not asserted by a plaintiff, a cross-complainant, or a petitioner.

The answer to the second question presented is also no—an affirmative defense for setoff cannot constitute a cause of action or claim for relief subject to an anti-SLAPP motion. Setoff, as an affirmative defense, cannot give rise to affirmative relief. California Supreme Court authority holds that the affirmative defense of setoff may only be used defensively and does not permit recovery of the damages sought to be set off against the opposing party's recovery.

---

[1] The anti-SLAPP statute. "'SLAPP' is an acronym for 'strategic lawsuit against public participation.'" (*Baral v. Schnitt* (2016) 1 Cal.5th 376, 381, fn. 1.)

[2] We refer to section 425.16, subdivision (b) as section 425.16(b) and section 425.16, subdivision (h) as section 425.16(h). We refer to the special motion to strike authorized by section 425.16(b)(1) as an anti-SLAPP motion.

The trial court reached the very same conclusions and wisely denied MCWE's anti-SLAPP motion. We affirm.

## FACTS

In 1963, John J. Jakosky and Katherine F. Jakosky, as lessors, and F. David Young, as lessee, entered into a 55-year ground lease (the Ground Lease) of unimproved real property (the Property) in Newport Beach. Improvements, including a multistory office building, an attached parking structure, and a marina (the Improvements), were constructed on the Property in 1987 by the lessee at the time. Under the terms of the Ground Lease, the lessee is the owner of any improvements constructed on the Property.

Sometime before December 2003, MCWE became the lessee under the Ground Lease. In January 2004, MCWE entered in a sub-ground lease of the Property (the Sublease) with NHOM for a term expiring in November 2018. Cross-defendant Paul D. Copenbarger is the member and manager of NHOM.

NHOM and Copenbarger have been litigating against MCWE, and vice versa, since 2011, when NHOM filed a complaint against MCWE for breach of contract, fraud, and a host of other causes of action, and MCWE commenced an unlawful detainer action against NHOM. NHOM alleged it had no duty to repair and maintain the Improvements; MCWE alleged NHOM failed to maintain and undertake required repairs to the Improvements.

The Ground Lease terminated on December 1, 2018. On December 27, 2018, the Property, including the rights of the lessor, was transferred to Quay Works LLC (Quay Works), which is the current owner of the Property.

## PROCEDURAL HISTORY

In 2019, Quay Works filed a complaint against MCWE for breach of the Ground Lease and waste. MCWE filed a cross-complaint against NHOM and Copenbarger for breach of sublease, breach of covenant of good faith and fair dealing,

3

and indemnity. The gist of the cross-complaint was that NHOM and Copenbarger were responsible for the condition of the Property.

NHOM and Copenbarger filed an answer to MCWE's cross-complaint. The 19th, 20th, and 21st affirmative defenses in that answer are relevant here: In those affirmative defenses, NHOM alleged a right to setoff.

In the 19th affirmative defense (Offset for Breach of Sublease), NHOM alleged, "by reason of MCWE's conduct and activities described herein, NHOM has the right of setoff should any amount of money be determined to be owed to MCWE or due to MCWE by way of damages." The conduct and activities described in the next 18 pages of the answer were allegations lifted almost verbatim from NHOM's second amended complaint against MCWE. NHOM alleged it suffered damages from MCWE's breach of the Sublease, and those damages must be set off against any sums owed to MCWE.

In the 20th affirmative defense (Offset for Breach of Agreement re: Assignment), NHOM incorporated the prior allegations and alleged MCWE breached a contract called "the Agreement Re: Assignment" of which NHOM was a third party beneficiary. NHOM alleged it sustained damages as a result of the Agreement re: Assignment, and those damages must be set off against any sums owed to MCWE.

In the 21st affirmative defense (Offset for Fraud/Misrepresentation), NHOM incorporated the prior allegations and alleged MCWE had made representations about the condition of the Property and the Improvements, NHOM had relied on those representations, the representations were false and MCWE knew them to be false, and NHOM suffered damages as a result of the representations. NHOM alleged its damages, including punitive damages, must be set off against any sums owed to MCWE.

MCWE demurred to the 19th, 20th, and 21st affirmative defenses of NHOM and Copenbarger's answer to the cross-complaint. MCWE also filed an anti-SLAPP motion to strike those affirmative defenses and, in the alternative, to strike

4

individual allegations within those affirmative defense that arose out of petitioning activity. MCWE argued, among other things, the 19th, 20th, and 21st affirmative defenses included allegations of protected activity that had been the subject of an earlier anti-SLAPP motion directed to NHOM's complaint. In *Newport Harbor Offices & Marina, LLC v. Morris Cerullo World Evangelism* (2018) 23 Cal.App.5th 28, we held the trial court erred by denying that earlier motion and remanded with directions to grant the motion in part and deny it in part. In that opinion, we stated, "[w]e affirm in part because, among other things, the bulk of the paragraphs which were the subject of [MCWE]'s anti-SLAPP motion *do not* arise out of protected activity." (*Id.* at p. 34, italics added.)

The trial court sustained MCWE's demurrer to the 20th affirmative defense without leave to amend and overruled the demurrer to the 19th and 21st affirmative defenses. The court concluded the anti-SLAPP motion was moot as to the 20th affirmative defense and denied the motion as to the 19th and 21st affirmative defenses. The court concluded an anti-SLAPP motion may not be directed to affirmative defenses. The court rejected MCWE's argument that the 19th and 21st affirmative defenses were a "'cross-claim'" in disguise for the fundamental reason that "an affirmative defense by definition does not claim affirmative relief."

MCWE timely appealed from the order denying its anti-SLAPP motion. Our standard of review is de novo. (*Monster Energy Co. v. Schechter* (2019) 7 Cal.5th 781, 788.)

## DISCUSSION

### I. An Anti-SLAPP Motion May Not Be Directed to an Affirmative Defense

An anti-SLAPP motion may not be directed to an answer, including affirmative defenses in the answer. The language of section 425.16 itself permits no other conclusion.

5

"In a matter involving statutory interpretation, our fundamental task is to discern the Legislature's intent in order to effectuate the law's purpose. [Citations.] We approach this task by first examining the statute's words, giving them their ordinary, usual, and commonsense meanings. [Citations.] We examine the language of the entire statute and related statutes and harmonize the terms when possible. [Citation.] The plain meaning of the statute controls if the statutory language is unambiguous. [Citation.] If the statutory language is reasonably susceptible to more than one interpretation, then extrinsic aids, such as statutory purpose, legislative history, and public policy, may be considered to determine legislative intent." (*Stirling v. Brown* (2018) 18 Cal.App.5th 1144, 1155.)

When enacting the anti-SLAPP statute, the Legislature found and declared "there has been a disturbing increase in *lawsuits* brought primarily to chill the valid exercise of the constitutional rights of freedom of speech and petition for the redress of grievances." (§ 425.16, subd. (a), italics added.) "'Code of Civil Procedure section 425.16 sets out a procedure for striking *complaints* in harassing lawsuits that are commonly known as SLAPP suits . . . , which are brought to challenge the exercise of constitutionally protected free speech rights.'" (*Monster Energy Co. v. Schechter* (2019) 7 Cal.5th 781, 788, italics added.)

The Legislature's desire to curb SLAPP lawsuits—legal actions seeking relief—is demonstrated by the language of sections 425.16(b) and 425.16(h). Section 425.16(b)(1) states: "A *cause of action* against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the *plaintiff* will prevail *on the claim*." (Italics added.) Under section 425.16(b)(3), "[i]f the court determines that the *plaintiff* has established a probability that he or she will prevail on *the claim*" that determination or the

6

fact the determination had been made is admissible in evidence at any later proceeding in the case. (Italics added.)

Section 425.16(h) defines the term "'complaint'" to include "'cross-complaint'" and "'petition,'" but not an answer, and defines the term "'plaintiff'" to include a "'cross-complainant'" and a "'petitioner,'" but not a defendant, cross-defendant, or respondent. (§ 425.16(h).)

The statutory language is unambiguous and plainly states that only a cause of action asserted by a plaintiff, cross-complainant, or petitioner may be subject to an anti-SLAPP motion. An affirmative defense in the answer of a cross-defendant is not asserted by a plaintiff, cross-complainant, or petitioner, and, as we shall explain next, is not a cause of action.

In *Baral v. Schnitt, supra*, 1 Cal.5th at page 395, the California Supreme Court concluded that the term "'cause of action'" in section 425.16(b)(1) means "allegations of protected activity that are asserted as grounds for relief," and "[t]he targeted claim must amount to a 'cause of action' in the sense that it is alleged to justify a remedy." (Italics omitted.)[3] However, "[a]ffirmative relief may not be claimed in the answer." (Code Civ. Proc., § 431.30, subd. (c).) An affirmative defense is "new matter constituting a defense" (*id.*, § 431.30, subd. (b)(2)) and is defined as "[a] defendant's assertion of facts and arguments that, if true, will defeat the plaintiff's or prosecution's claim, even if all the allegations in the complaint are true" (Black's Law Dict. (11th ed. 2019) p. 528, col. 2). Because an affirmative defense can only defeat a plaintiff's claim, and "'[a]ffirmative relief'" is "an award, such as damages, that goes beyond merely defeating the plaintiff's recovery" (*City of Stockton v. Superior Court* (2007) 42 Cal.4th

---

[3] At the outset of the opinion, the *Baral* court stated, "[t]ypically, a pleaded cause of action states a legal ground for recovery supported by specific allegations of conduct by the defendant on which the plaintiff relies to establish a right to *relief*." (*Baral v. Schnitt, supra*, at p. 381, italics added.)

7

730, 746, fn. 12 (*City of Stockton*)), it follows logically that an affirmative defense cannot give rise to affirmative relief such as damages. A cause of action by definition asserts grounds for affirmative relief; therefore, an affirmative defense in an answer cannot be a cause of action subject to an anti-SLAPP motion.

The only mention in section 425.16 of a defense is in subdivision (b)(2). It states that in determining whether a plaintiff has established a probability of prevailing, the trial court "shall consider the pleadings and supporting and opposing affidavits stating the facts upon which the liability or defense is based." (§ 425.16(b)(2).) Section 425.16(b)(2) does not authorize an anti-SLAPP motion directed to an affirmative defense but says only that in determining whether the plaintiff has demonstrated the requisite probability of prevailing, the court should consider "the substantive merits of the plaintiff's complaint, as well as all available defenses to it." (*Traditional Cat Assn., Inc. v. Gilbreath* (2004) 118 Cal.App.4th 392, 398.)

## II. NHOM's Affirmative Defenses Are Not, and Cannot Be, Causes of Action or Claims for Relief.

MCWE argues that NHOM's 19th, 20th, and 21st affirmative defenses are not affirmative defenses at all but disguised causes of action or claims for relief. That cannot be correct as a matter of law.

"Affirmative relief may not be claimed in the answer" (Code Civ. Proc., § 431.30, subd. (c)), and affirmative defenses are limited in function to defeating the plaintiff's recovery (*City of Stockton, supra*, 42 Cal.4th at p. 746). NHOM's affirmative defenses therefore cannot be disguised causes of action. NHOM cannot as a matter of law recover affirmative relief such as damages by means of its answer and affirmative defenses to MCWE's cross-complaint, regardless of what NHOM might have alleged or what relief it purports to seek.

8

NHOM's 19th, 20th, and 21st affirmative defenses assert the right of setoff, and setoff is an affirmative defense, not a cause of action. (*City of Stockton, supra*, 42 Cal.4th at p. 746.) The right to a setoff is based on the equitable principle that when parties in litigation hold cross-demands for money, one demand should be applied against the other and the plaintiff may recover the balance due, if any. (See *Granberry v. Islay Investments* (1995) 9 Cal.4th 738, 744.) Relief by way of a setoff is limited to reducing or defeating a plaintiff's claim; a defendant may not obtain affirmative relief against a plaintiff based on the affirmative defense of setoff. (*Construction Protective Services, Inc. v. TIG Specialty Ins. Co.* (2002) 29 Cal.4th 189, 195 (*Construction Protective Services*).)

The affirmative defense of setoff is codified at Code of Civil Procedure section 431.70 (section 431.70),[4] which does not give rise to recovery of affirmative relief: "Significantly, nothing in the legislative history of section 431.70 suggests the Legislature intended to permit defendants to obtain affirmative relief (that is, relief beyond defeating the plaintiff's claims) without filing a cross-complaint." (*Construction Protective Services, supra*, 29 Cal.4th at p. 197.)

The California Supreme Court, in interpreting section 431.70, confirmed that setoff is an affirmative defense only: "We think the best reading of section 431.70 is that a setoff claim may only be used defensively, being in nature a defensive pleading asserting that the claim constituted prior payment for the amount sought in the plaintiff's complaint. Indeed, section 431.70 expressly refers to the setoff claim as 'the defense of payment,' . . . . One who has paid a liability in full or in part can allege that payment as a

---

[4] Section 431.70 states, in part: "Where cross-demands for money have existed between persons at any point in time when neither demand was barred by the statute of limitations, and an action is thereafter commenced by one such person, the other person may assert in the answer the defense of payment in that the two demands are compensated so far as they equal each other, notwithstanding that an independent action asserting the person's claim would at the time of filing the answer be barred by the statute of limitations."

9

defense to a cause of action, but in that case the defendant merely hopes to defeat the plaintiff's complaint.  If, in addition, the defendant seeks affirmative relief in its favor (such as the recovery of damages), it must file a cross-complaint, because section 431.30, subdivision (c), bars it from claiming affirmative relief by way of the answer." (*Construction Protective Services, supra*, 29 Cal.4th at pp. 197-198.)  The Supreme Court made it quite clear that no relief may be recovered by means of an affirmative defense of setoff:  "We hold that a defendant may not obtain an award of affirmative relief against a plaintiff by way of section 431.70; rather, the defendant may only assert the setoff defensively to defeat the plaintiff's claim in whole or in part." (*Construction Protective Services, supra*, 29 Cal.4th at p. 198.)

In other words, NHOM cannot by means of the affirmative defense of setoff recover the compensatory and punitive damages it claims should be set off against any recovery by MCWE.  NHOM can recover those damages only by means of a pleading, such as a complaint or cross-complaint, by which NHOM can obtain affirmative relief.  As such, NHOM's 19th, 20th, and 21st affirmative defenses are not, and cannot be, causes of action or claims for relief subject to an anti-SLAPP motion.

At oral argument, counsel spent some time addressing whether NHOM's affirmative defenses for setoff properly allege that defense, in particular, whether NHOM may setoff damages it has not yet incurred and paid.  We are not deciding and make no comment on whether NHOM's affirmative defenses for setoff are legally viable and plead facts sufficient to constitute a defense.  (See Code Civ. Proc., § 430.20.)  MCWE has or had remedies other than an anti-SLAPP motion to challenge the merit of the affirmative defenses.  The merit of a challenged claim is considered only at the second step of the anti-SLAPP analysis (*Baral v. Schnitt, supra*, 1 Cal.5th at p. 396), and here we do not reach even the first step of that analysis because an anti-SLAPP motion cannot be directed to an affirmative defense.  We understand too that NHOM's setoff defenses track many of the allegations of NHOM's second amended complaint.  What is dispositive,

10

however, is that setoff is an affirmative defense, not a claim for relief, and under no circumstances may NHOM recover affirmative relief against MCWE by means of the setoff defenses, no matter how they are pleaded.

In light of our answers to the two issues presented, we do not and need not address the parties' lengthy arguments over whether MCWE met its burden of establishing the 19th, 20th, and 21st affirmative defenses arose out of protected activity and whether NHOM met its burden of establishing a probability of success.

## DISPOSITION

The order denying MCWE's anti-SLAPP motion is affirmed.  NHOM to recover costs on appeal.


FYBEL, J.

WE CONCUR:


O'LEARY, P. J.


BEDSWORTH, J.

11